IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NOA Brands America Inc.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>United States,<br><br>　　　　　Defendant. | Court No. 1:23-cv-00109-N/A |

# COMPLAINT

Plaintiff, NOA Brands America Inc. ("NOA Brands"), by and through its attorneys, brings this action against the U.S. Customs and Border Protection ("CBP") to contest CBP's denial of Plaintiff's properly and timely filed Protest, and hereby alleges as follows:

## STATEMENT OF FACTS

1.　　NOA Brands America Inc. is an industry-leading visual merchandising design studio and manufacturer based in Lafayette, Colorado. This matter concerns a single entry of various iron and steel products ("Neckcaps") classified under the Harmonized Tariff Schedule of the United States ("HTSUS") subheading 7326.90.8688 (the "Subject Merchandise).

2.　　NOA Brands served as the importer of record for Entry No. 799-6256311-9 at the Federal Express Courier Hub Anchorage, Alaska (Port Code 3195) on November 23, 2021. The CBP Form 7501 prepared by NOA Brands' customs broker incorrectly listed the total entered value of the subject merchandise as $594,500. Based on the total entered value of $594,500, the total duty assessed on the Subject Merchandise was $165,865.50. A merchandise processing fee of $538.40 was also assessed. The total amount tendered to CBP in respect of Entry No. 799-6256311-9 was $166,403.90. *See* Plaintiff's Form 7501 (attached as **Exhibit A**).

3.      Shortly after entry, NOA Brands received an invoice from its customs broker for the entry at issue. The invoice sought payment for the duty assessed on the Subject Merchandise of $165,865.50, which the customs broker had paid on NOA Brands' behalf. NOA Brands was surprised by the high duty bill and immediately launched an internal review of the entry.

4.      NOA Brands' internal review revealed that the entered value of the Subject Merchandise contained on Plaintiff's Form 7501 was wildly inaccurate. More specifically, NOA Brands discovered that the incorrect value of the entered merchandise stemmed from an inaccurate commercial invoice NOA Brands received from its supplier, Xiamen Yishengteng Industry and Trade Co. Ltd. ("Xiamen"), which the customs broker used in preparing the entry. The commercial invoice prepared by Xiamen incorrectly listed both the unit value of the merchandise, and the total value of the merchandise in U.S. Dollars (USD) instead of Chinese Renminbi (RMB). *See* Commercial Invoice (attached as **Exhibit B**).

5.      On January 28, 2022, Plaintiff filed a Post Summary Correction ("PSC") with CBP. *See* PSC (attached hereto as **Exhibit C**). The PSC explained that the entered value of $594,500 for the Subject Merchandise listed on the original Form 7501 was incorrect and that the actual entered value of the merchandise was $1,535.75. The PSC contained the following supporting items: (1) a written explanation from the customs broker explaining the error; (2) a Corrected Form 7501; (3) an accurate commercial invoice from Xiamen showing the actual value of the Subject Merchandise on both a per unit, and total value basis; (4) proof of payment from NOA Brands to Xiamen corroborating the value of the Subject Merchandise on the corrected invoice; (5) an airway bill of lading; and (6) the original Entry materials. *See* Exhibit C.

4876-7351-7674.7

6. On March 16, 2022, CBP Import Specialist ("IS"), Derek Sansone, notified Teneashi Moore (an employee of NOA Brands' customs broker), that the PSC was denied. The only explanation provided was the following statement:

> "If the invoices are inaccurate (CFR violation) & the Importer cannot support their claims any further, I'll have to DisAgree (sic) w/the PSC."

*See* Correspondence from Sansone to Moore of 3/16/22 (attached as **Exhibit D**).[1] It is unclear whether this cryptic statement was a reference to the original invoice (for which NOA Brands provided an explanation of the discrepancy), or the invoices for other merchandise not imported into the United States (i.e., not the Subject Merchandise), for which there was no indication whatsoever that the invoices were inaccurate.

7. On April 16, 2022, NOA Brands' customs broker, Diana DiSanto, sent a follow up email inquiring further into CBP's denial of the PSC. On May 5, 2022, IS Sansone responded as follows:

> "I <u>can't</u> remember the details, but from what I can (now) see:
>
> - The Broker did not put any PSC reasons in the ACE Entry Summary explaining the circumstances (there is a letter in DIS).
> - The docs provided do not (for me) clearly explain/justify such a large decrease in Entered Value (from $594,500 to $1,536).
> - The Original Invoice (dated 17 Nov 2021) shows the entire original EV.
> - The Invoices provided in DIS post-Entry are dated both pre & post-Entry but don't add up to the Original EV.
> - The Invoices provided also appear to be Excel based screen shots (*which can be easily altered to show CBP exactly what an importer want shown*).
> - The Payment screen shots provided do not (for me) clearly support the PSC claim.
>
> The documents provided do not clearly explain or support the importer's claim (to my satisfaction)." I *believe* I sent a 28 on this or corresponded with a FedEx Broke. But the response did not support the importer's claim to my satisfaction. *Again, I can't remember the exact details.*

---

[1] Despite the obvious relevance of IS Sansone's email correspondence regarding the PSC, Exhibit D was not included in the Administrative Record (Doc. No. 9).

3

4876-7351-7674.7

*See* Correspondence from Sansone to DiSanto of 5/5/2022 (attached as **Exhibit E**) (underlining and italics in original).[2]

8. But as explained by IS Sansone in his response, the only detailed note in the ACE Entry Summary Portal states:

> "3/16/2022: FINAL RESPONSE: THE DISPOSITION OF THE OTHER INVOICES IS THAT THE OTHER INVOICES ON THE PAYMENT SLIP SUBMITTED WERE NOT IMPORTED TO THE US. THE INOVICES WERE SIMPLY GROUPED FOR PAYMENT. IMPORTER IS UNABLE TO SUPPORT CLAIMS TO I/S SATISFACTION. INVOICE WAS NOT ACCURATE. IMPORTER MAY FILE PROTEST."

*See* Exhibit E.

9. On September 6, 2022, NOA Brands filed a timely Protest with CBP. *See* Protest (attached hereto as **Exhibit F**). The Protest similarly provided an explanation of the circumstances leading to the incorrect value of the Subject Merchandise declared on the original 7501 Entry Form and supporting documentation for the correct value of the Subject Merchandise. The documentation included: (1) a brief explanation of why an incorrect value appeared on the entry documents and the basis for correcting the value of the subject merchandise; (2) the corrected 7501 Entry Form; (3) an accurate commercial invoice from Xiamen showing the actual value of the Subject Merchandise on both a per unit, and total value basis; (4) proof of payment from NOA Brands to Xiamen corroborating the value of the Subject Merchandise on the corrected invoice; (5) an airway bill of lading; and (6) the original Entry documents. *See* Exhibit F.

10. Despite providing ample and clear supporting evidence, CBP denied the Protest on February 16, 2023. CBP reportedly denied the Protest because "[n]ot enough supporting

---

[2] Despite the obvious relevance of IS Sansone's email correspondence regarding the PSC, Exhibit E was not included in the Administrative Record (Doc. No. 9).

information was provided to substantiate the change to the total entered value. *See* Doc. No. 9 at 2.

11. Because NOA Brands provided documentation to conclusively establish the correct entered value of the Subject Merchandise. NOA Brands therefore challenges CBP's denial of Protest No. 319522102448, concerning the corrected declared value for imported merchandise.

## JURISDICTION

12. This action arises under 19 U.S.C. § 1514(a)(1) to contest CBP's liquidation, appraisement, and valuation of the Subject Merchandise.

13. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a) because the action was commenced to contest the denial of a protest under 19 U.S.C. § 1514.

14. In accordance with 28 U.S.C. § 2636(a), this action was timely commenced by the filing of a Summons in the Court of International Trade within 180 days after CBP's denial of NOA Brands' Protest No. 319522102448.

15. NOA Brands has standing to bring this action pursuant to 28 U.S.C. § 2631(a) because its Summons was filed under 19 U.S.C. § 1514 to contest the denial of its Protest contesting the liquidation of the Entry identified in the Summons, which is the subject of this action.

16. All liquidated duties, taxes and fees required to be paid were paid prior to the commencement of this action.

## PARTIES

17. Plaintiff NOA Brands designs and manufactures visual merchandising elements for the fashion retail sector. NOA Brands is incorporated in Delaware with its U.S. headquarters

located in Lafayette, Colorado. NOA Brands is the real party in interest pursuant to 28 U.S.C. § 2631(a) as the importer of record of the merchandise that is the subject of this action and the protesting party.

18.     Defendant United States, though CBP, an agency of the United States Department of Homeland Security and the governmental entity responsible for the appraisement and valuation of goods imported into the United States, denied the protest contested herein.

## COUNT ONE

19.     The previous paragraphs are incorporated by reference as if fully set forth herein.

20.     The documentary evidence NOA Brands has submitted to the United States conclusively establishes that the actual value of the merchandise contained in Entry No. 799-625-6311-9 was $1,535.75. Based on the correct entry value of the Subject Merchandise, the duty assessed should have been $428.54.[3]

21.     NOA Brands' documentary evidence includes a corrected commercial invoice from Xiamen denoting the value of the Neckcaps in USD, at the proper unit price, and correct calculation of total value. The value aligned with the proof of payment (from NOA Brands to the supplier), corresponded to both the invoice number (2111-37), and the purchase order (PO 10076708). The corrected commercial invoice breaks down the quantity and per unit price of the Neckcaps on a part number basis in USD, avoiding the prior currency conversion error, to illustrate that the total value for the Subject Merchandise entered on Entry No. 799-6256311-9 was in fact $1,535.75.

22.     Further evidence of the correct value of the Subject Merchandise was provided to CBP in the form of NOA Brands' proof of payment for invoice number 2111-37. The proof of

---

[3] As merchandise classified under HTSUS classification 7326.90.8600, the Subject Merchandise was subject to a tariff of 2.9% at the time of entry. The Subject Merchandise is also classified as Articles of China, U.S. NTE 20, under HTSUS classification 9903.88.03, which, at the time of entry, subjected the merchandise to an additional 25% tariff.

payment submitted depicted the supplier's records of various orders with NOA Brands over the course of their business dealings, including, but not limited to, the Neckcaps on invoice number 2111-37.

23.     Notably, not all of the orders were entered into the United States. A wire transfer statement from NOA Brands to Xiamen shows a lump sum payment of $62,169, which includes—but is not limited—payment for the Subject Merchandise. Specifically, as identifiable on Xiamen's payment logs, invoice 2111-37 has a matching value of $1,535.75. When this amount is added to the payment for the other invoices, the total wire payment is a direct match with the total value for all the denoted invoices. None of the other invoices listed in the supplier payment log are associated with Entry No. 799-6256311-9, and none of the other merchandise has been imported into the United States on any other entry.

24.     CBP's refusal to accept NOA Brands' PSC, and its denial of NOA Brands' Protest was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

## PRAYER FOR JUDGEMENT AND RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Enter judgment in favor of Plaintiff;

2.     Declare that CBP improperly denied Plaintiff's Protest;

3.     Direct the appropriate Port Director of Federal Express Courier Hub Anchorage, Alaska and/or the Center for Excellence and Expertise covering the subject merchandise to unliquidated Entry No. 799-6256311-9 and to reliquidate the entry with the corrected declared value of $1,535.75 and assess only $428.54 in applicable duty;

4.     Direct CBP to issue a refund in the amount of $165,947.61, with any interest provided by law; and

5.    Grant Plaintiff such additional relief as the Court may deem just and proper.

Dated: April 10, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *s/ Matthew W. Caligur*
Matthew W. Caligur
e-Mail: mcaligur@bakerlaw.com
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
(713) 751-1600 Telephone
(713) 751-1717 Telecopier

**ATTORNEYS FOR PLAINTIFF
NOA BRANDS AMERICA INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Matthew W. Caligur*
Matthew W. Caligur

4876-7351-7674.7